UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Emily McIntyre, *et al.* ) | |
| Patricia Donahue, *et al.* ) | |
| Lawrence A. Wheeler, *et al.* ) | Civil Action Nos. 01-10408-RCL |
| Sandra Castucci, *et al.* ) | 01-10433-RCL |
| Estate of Edward Brian Halloran *et al.* ) | 01-10464-RCL |
| Anna M. Litif, *et al.* ) | 02-11312-RCL |
| Edward Bennett *et al.* ) | 01-11346-RCL |
| Olga Davis *et al.* ) | 02-11791-RCL |
| ) | 02-11802-RCL |
| Plaintiffs, ) | 02-11911-RCL |
| ) | |
| v. ) | |
| ) | |
| United States of America, *et al.* ) | |
| ) | |
| Defendants. ) | |

**PROTECTIVE ORDER**

The Court having before it the "United States' Motion for Entry of Protective Order Governing Disclosure of Confidential and Private Information" and good cause appearing therefor

IT IS ORDERED, ADJUDGED, AND DECREED that the "United States' Motion for Entry of Protective Order Governing Disclosure of Confidential and Private Information" is granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following procedures will govern the production and/or use of such information in this action.

1.  This Protective Order governs the treatment and handling of all confidential information and documents (including, without limiting the generality of the foregoing, answers to interrogatories, responses to requests for production, responses to requests for admission,

deposition testimony, deposition transcripts, deposition exhibits, and other written, recorded or graphic matter, and copies of the foregoing) ("confidential material") produced in accordance with Rule 26 of the Federal Rules of Civil Procedure or any order of the Court, by any party or witness ("producing party") to any other party in this matter.

2.	Any producing party furnishing confidential material which in the opinion of the producing party contains or discloses confidential information, or information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act, 5 U.S.C. § 552, and/or any other federal or state law, may designate such material as "Subject to Protective Order" or "For Attorneys' Eyes Only" by so marking each page of the document as either "Subject to Protective Order" or "For Attorneys' Eyes Only," whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise. Documents designated as "For Attorneys' Eyes Only" shall only be reviewed by outside or inside counsel for a party or counsel in other related civil cases who have also entered into the same or a substantially similar protective order with the United States.

Any receiving party furnished material which in the opinion of the receiving party contains or discloses confidential information, that would interfere with the criminal prosecution in any related or parallel criminal proceedings, or consists of federal documents as a result of the producing party's former federal employment, may designate such material as "Subject to Protective Order" or "For Attorneys' Eyes Only" by so marking each page of the document as either "Subject to Protective Order" or "For Attorneys' Eyes Only," provided that the receiving party provides notice of such designation within 14 days of receipt.

3. Material designated "Subject to Protective Order" or "For Attorneys' Eyes Only" pursuant to this Order shall be used by a party receiving such material only for purposes related to this action and for no other purpose, under other restrictions as explained elsewhere in this order, and under no circumstances, other than those specifically provided for in this or a subsequent order of the Court, shall the party receiving such material disclose it to persons or entities other than the following:

 (a) The Court, pursuant to paragraph 6 of this Order;

 (b) Outside or inside counsel for a party or counsel in other related civil cases who have also entered into the same or a substantially similar protective order with the United States;

 (c) Employees or agents of such counsel or party assigned and necessary to assist such counsel in the conduct of this litigation;

 (d) Experts or consultants who have been retained for the purpose of assisting in the conduct of this action provided that such experts or consultants sign the "Acknowledgment of Protective Order" attached to the Protective Order pursuant to the directive of Section 4 of this Order.

 (e) Fact witnesses at deposition or trial or in preparation for deposition or trial, to the extent that the confidential materials were prepared by, received by, or referenced by name, title, or description by said fact witness; or to the extent that they utilized or are familiar with the equipment, information, or techniques referenced in the confidential material; or if their access to the confidential material is necessary to resolve a material issue of fact in the litigation; and they sign the "Acknowledgment of Protective Order" attached to the Protective Order pursuant to the directive of Section 4 of this Order, and

 (f) Other persons upon order of this Court or upon stipulation of the party who designated the confidential material in question as "Subject to Protective Order" or "For Attorneys' Eyes Only."

4. Each person given access to material designated as "Subject to Protective Order" or "For Attorneys' Eyes Only" or information derived therefrom shall be advised that such

material and/or information is being disclosed pursuant and subject to the terms of this Order, may not be disclosed other than pursuant to the terms hereof, and may be used only for purposes related to this action and for no other purposes. Materials designated "Subject to Protective Order" or "For Attorneys' Eyes Only" may be disclosed to and discussed with a person identified in subparagraphs 3(d), (e) and (f) only after such person has executed a copy of Exhibit A, attached hereto.

5.  Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, or agents, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Subject to the Protective Order" or "For Attorneys' Eyes Only" by indicating on the record at the deposition that the testimony is subject to the provisions of this protective order.

Any party also may designate information disclosed at such deposition as "Subject to Protective Order" or "For Attorneys' Eyes Only" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Subject to Protective Order" or "For Attorneys' Eyes Only" thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his or her possession, custody, or control. All deposition transcripts shall be treated as subject to the protective order for a period of thirty (30) days after receipt of the transcript.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as "Subject to Protective Order" and/or "For Attorneys' Eyes Only" with

blank, consecutive numbered pages being provided in a non-designated main transcript. The separate transcript containing "Subject to Protective Order" or "For Attorneys' Eyes Only" material shall have page numbers that correspond to the blank pages in the main transcript.

6. In the event that counsel for any party determines to file with or submit to this Court any material designated "Subject to Protective Order" or "For Attorneys' Eyes Only" or information derived therefrom (by way of pleadings, motions, briefs, or other papers containing or making reference to such material or information), the party must move for the Court's permission to file the sealed material. The material to be placed under seal shall be attached to the motion and filed only in a sealed envelope on which a statement in the following form shall be endorsed:

> This envelope is sealed pending an Order of the Court to the contrary and contains confidential and/or private information and documents that are subject to the Court's Protective Order. This envelope is not to be opened or its contents revealed except to counsel or authorized personnel of record or by subsequent Order of the Court.

All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court. In the event the Court denies the motion to place the material under seal, the sealed envelope shall be retrieved by the party submitting it within three business days of notice of the Court's action, and shall under no circumstances be made a part of the public record.

7. If any party objects to the designation of any material as "Subject to Protective Order" or "For Attorneys' Eyes Only," the objecting party may notify the producing party in writing at any time, but no later than three months before the date of trial. The notification shall include detailed and specific reasons supporting the basis of each objection to the designation

and an explanation for why the material should not be sealed. The objecting party must attempt to resolve the dispute with the designating party. If after ten (10) days after service of any such notice, the parties do not reach agreement, the burden is on the designating party within seven (7) days to apply to the Court for a ruling that the confidential material objected to shall (as applicable) remain "Subject to Protective Order" or "For Attorneys' Eyes Only," and notice of such application shall be provided to all other parties. Until this Court enters an order determining the status of the confidential material being objected to, the confidentiality has been expressly waived, or a person with standing gives written consent to disclosure, such material shall be treated as confidential and protected as provided in this Order, unless the parties otherwise agree by written stipulation. In the event that a party believes that the confidentiality of specified material has been expressly waived, or a person with standing gives written consent to disclosure, the material shall remain confidential until seven (7) days after notice of the express waiver or written consent to disclosure has been served on all parties.

8. Within three months of the conclusion of this litigation (commencing from the date on which the time for filing an appeal from entry of judgment with no party taking an appeal, or in the event an appeal is taken, from the date of exhaustion of any and all appeals), all materials which continue to be designated as "Subject to Protective Order" or "For Attorneys' Eyes Only" and all copies thereof shall either be returned to the producing party or nonparty witness or destroyed. A party who elects to destroy the copies shall submit a certification to the producing party or nonparty witness, attesting that all copies were destroyed, within 14 days of the destruction of the copies. Copies which contain markings constituting attorney work product need not be returned or destroyed, provided they remain subject to the provisions of this

protective order. In order to keep track of all copies of each document, a log shall be created and maintained by each party in possession of documents or other material stamped as confidential pursuant to this order listing the number of copies of each document made by the party in possession of the document. All documents shall be kept in the possession of the party to whom the document was produced, except in the limited circumstances described above.

9. The agreement of any party to be bound by the terms and conditions of this Order does not constitute a waiver of any privilege available to that party, and shall not be construed as such.

Stipulated to and respectfully submitted,

Date: _____

_____
PETER SCHLOSSMAN

Date: _____

_____
MARGARET KRAWIEC

Date: _____

_____
STACEY BOSSHARDT
Attorneys for Defendant United States

Date: _____

_____
WILLIAM E. CHRISTIE
Attorney for McIntyre Plaintiff

Date: _____

_____
EDWARD HINCHEY
Attorney for Donahue Plaintiffs

Date: _____

_____
FRANK LIBBY, JR.
Attorney for Wheeler Plaintiffs

Date: _____

_____
MICHAEL LAURANO
Attorney for Castucci Plaintiffs

Date: _____

_____
ALBERT CULLEN/WILLIAM CHRISTIE
Attorney for Halloran Plaintiff

Date: _____

_____
FRANK CORSO
Attorney for Bennett Plaintiff

Date: _____

_____
ROBERT SINSHEIMER
Attorney for Davis Plaintiffs

Date: _____

_____
EDWARD BERKIN
Attorney for Litif Plaintiffs

Date: _____

_____
BRIAN P. FITZSIMMONS
Attorney for Defendant James Ahearn

Date: _____

_____
A. DOUGLAS MATTHEWS
Attorney for Defendant Robert Fitzpatrick

Date: _____         _____
                              WILLIAM BROWN
                              Attorney for Defendant Robert Fitzpatrick


Date: _____         _____
                              E.P. MULLANE
                              Attorney for Defendant John Connolly


Date: _____         _____
                              CHRISTINE M. ROACH
                              Attorney for Defendant James Greenleaf


Date: _____         _____
                              PETER PARKER
                              Attorney for Defendant Paul Rico


Date: _____         _____
                              ALAN ROSE, SR./ALAN ROSE, JR.
                              Attorney for Defendant James Ring


Date: _____         _____
                              DOUGLAS I. LOUISON/STEPHEN C. PFAFF
                              Attorney for Defendant Roderick Kennedy


Date: _____         _____
                              TORY WEIGAND
                              Attorney for Defendant Lawrence Sarhatt


Date: _____         _____
                              JOHN MORRIS
                              Pro Se

Date: _____    _____
                        JOHN MARTORANO
                        Pro Se


Date: _____    _____
                        STEPHEN FLEMMI
                        Pro Se


Date: _____    _____
                        KEVIN WEEKS
                        Pro Se


IT IS SO ORDERED:

Date: JAN 16, 2005      _____
                        *[signature]*
                        HONORABLE REGINALD C. LINDSAY
                        UNITED STATES MAGISTRATE JUDGE
                        *District*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Emily McIntyre, *et al.* | ) | |
| Patricia Donahue, *et al.* | ) | |
| Lawrence A. Wheeler, *et al.* | ) | |
| Sandra Castucci, *et al.* | ) | Civil Action Nos. 01-10408-RCL |
| Estate of Edward Brian Halloran *et al.* | ) | 01-10433-RCL |
| Edward Bennett *et al.* | ) | 01-10464-RCL |
| | ) | 02-11312-RCL |
| Plaintiffs, | ) | 01-11346-RCL |
| | ) | 02-11802-RCL |
| v. | ) | |
| | ) | |
| United States of America, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____, hereby acknowledge, under penalty of perjury, that I have read the Stipulated Protective Order Governing Disclosure of Confidential and Private Information entered by this Court on _____, 2002. I am familiar with the specific terms of the Order and agree to be bound by its terms. I further understand that I am subject to the contempt powers of this Court for violation of the Order.

_____
Signature

Date: _____