UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA DONAHUE, Individually, and in her capacity as Administratrix of the Estate of Michael J. Donahue, MICHAEL T. DONAHUE, SHAWN DONAHUE, THOMAS DONAHUE,<br>    Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, JOHN J. CONNOLLY, JR., JOHN M. MORRIS, LAWRENCE SARHATT, ROBERT FITZPATRICK, UNITED STATES OF AMERICA<br>    Defendants. | DOCKET NO: 01-CV-10433 RCL |

### DEFENDANT LAWRENCE SARHATT'S ANSWER TO SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

#### FIRST DEFENSE

Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

Defendant, Lawrence Sarhatt ("defendant" or "Sarhatt") responds to each of the allegations set forth in plaintiffs' Second Amended Complaint as follows:

The allegations set forth in the introductory section of plaintiffs' Second Amended Complaint on pages 1-4 are conclusory vituperations of law to which no response is required. To any extent a response is deemed required, defendant denies any violation of law or that any action or inaction on his behalf caused the death of the decedent Michael J. Donahue.

DOCKETED



892264v1

## The Parties

1. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 1 of the plaintiffs' Second Amended Complaint.

2. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 2 of the plaintiffs' Second Amended Complaint.

3. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 3 of the plaintiffs' Second Amended Complaint.

4. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 4 of the plaintiffs' Second Amended Complaint.

5. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 5 of the plaintiffs' Second Amended Complaint.

6. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 6 of the plaintiffs' Second Amended Complaint.

7. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 7 of the plaintiffs' Second Amended Complaint.

8. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 8 of the plaintiffs' Second Amended Complaint.

9. Defendant admits that he is a natural person, that he resides in Michigan, and that he was a federal employee and Special Agent in Charge of the Boston Field office of the Federal Bureau of Investigation between June 18, 1980 and August 15, 1982.

10. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 10 of the plaintiffs' Second Amended Complaint.

11.     The allegations set forth in Paragraph 11 of plaintiffs' Second Amended Complaint do not apply to this defendant and otherwise set forth conclusions of law and therefore no response is required.

### Jurisdiction and Venue

12.-15.     The allegations set forth in paragraphs 12 - 15 of plaintiffs' Second Amended Complaint set forth conclusions of law to which no response is required.

### General Allegations

16.     Defendant admits that defendant CONNOLLY was a Special Agent of the Federal Bureau of Investigation ("FBI") and worked for a period of time out of the Boston Field office of the FBI. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations of paragraph 16 of plaintiffs' Second Amended Complaint.

17.     Defendant admits that defendant MORRIS was an FBI Special Agent, was assigned to the FBI's Field Office in Boston and served as a supervisor of defendant CONNOLLY at certain times but otherwise responds that he is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 17 of plaintiffs' Second Amended Complaint.

18.     Defendant admits that he served as Special Agent in Charge ("SAC") of the FBI Boston Office between June, 1980 and August, 1982. Defendant otherwise denies the remaining allegations of Paragraph 18 of plaintiffs' Second Amended Complaint.

19.     Defendant admits that defendant FITZPATRICK served as Assistant Special Agent in Charge ("ASAC") of FBI Boston and was the immediate supervisor of

defendants CONNOLLY and MORRIS. Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 19 of plaintiffs' Second Amended Complaint.

20. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 20 of the plaintiffs' Second Amended Complaint.

21. Defendant admits that Bulger and Flemmi were confidential informants for the FBI at certain times, that defendant CONNOLLY served as their informant "handler" at certain times and that he and defendants, MORRIS and FITZPATRICK were agents of the FBI-Boston office. Defendant denies the remaining allegations of Paragraph 21 of plaintiffs' Second Amended Complaint.

22.-24. The allegations set forth in Paragraphs 22-24 do not apply to this defendant and therefore no response is required. To any extent a response is deemed required, defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 22-24 of plaintiffs' Second Amended Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of plaintiffs' Second Amended Complaint.

26.-39. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraphs 26 through 39 of plaintiffs' Complaint.

40. To the extent the allegations of Paragraph 40 are directed at this defendant, the defendant denies the allegations set forth in the first sentence of Paragraph 40 and otherwise states that he cannot either admit or deny whether or not the remaining allegations are in fact the testimony of William Weld.

41.-42.    The allegations set forth in Paragraphs 41-42 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required. To any extent a response is deemed required, the defendant is without sufficient knowledge of information to either admit or deny the allegations set forth in Paragraphs 41 and 42 of plaintiffs' Second Amended Complaint.

43.    Defendant denies the allegations set forth in Paragraph 43 of plaintiffs' Second Amended Complaint.

44.-46.    Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraphs 44 through 46 of plaintiff's Second Amended Complaint.

47.-50.    The allegations set forth in paragraphs 47 through 50 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required. To any extent the allegations are directed at this defendant, defendant denies the allegations set forth in paragraphs 47 through 50 of plaintiffs' Second Amended Complaint.

51.-52.    Defendant denies the allegations set forth in paragraphs 51 and 52 of plaintiffs' Second Amended Complaint.

53.    Defendant answers that any applicable guidelines speak for themselves.

54.    The allegations set forth in Paragraph 54 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required. To any extent the allegations are directed at this defendant, defendant denies the allegations set forth in Paragraph 54 of plaintiffs' Second Amended Complaint.

892264v1

55.-59.   The allegations set forth in Paragraphs 55 through 59 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required. To any extent they are directed to any alleged actions or inactions of this defendant, the allegations are denied.

60.   The defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 60 of plaintiffs' Second Amended Complaint.

61.   The allegations set forth in Paragraph 61 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required.

62.-66.   The defendant denies the allegations set forth in plaintiffs' Second Amended Complaint.

67.   Defendant admits the allegations set forth in paragraph 67 of plaintiffs' Second Amended Complaint.

68.-71.   Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 68 through 71 of plaintiffs' Second Amended Complaint.

72.-74.   Defendant denies the allegations set forth in Paragraphs 71 through 74 of plaintiffs' Second Amended Complaint.

75.-76.   Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraphs 75 through 76 of plaintiffs' Second Amended Complaint.

77.-80.   Defendant denies the allegations set forth in Paragraphs 77 through 80 of plaintiffs' Second Amended Complaint.

892264v1

80.[sic]-84.   The allegations set forth in Paragraphs 80[sic] through 84 do not apply to this defendant and therefore no response is required. To any extent a response is required, defendant states he is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 80[sic] through 84 of plaintiffs' Second Amended Complaint.

85.-87.   Defendant denies the allegations set forth in Paragraphs 85 through 87 of plaintiffs' Second Amended Complaint.

88.-109.   The allegations set forth in Paragraphs 88 through 109 do not apply to this defendant and are otherwise inapplicable as defendant retired from the FBI in August, 1982 and therefore no response is required. To any extent a response is deemed required, defendant is without sufficient knowledge to either admit or deny the allegations set forth in Paragraphs 88 through 109 of plaintiffs' Second Amended Complaint.

110.-113.   The allegations set forth in Paragraphs 110 through 113 do not apply to this defendant and are otherwise inapplicable as defendant retired from the FBI in August, 1982 and therefore no response is required. To any extent a response is deemed required, defendant is without sufficient knowledge to either admit or deny the allegations set forth in Paragraphs 110 – 113 of Plaintiffs' Second Amended Complaint.

114.-128.   There are no allegations set forth in Paragraphs 114 through 128 of plaintiffs' Second Amended Complaint and therefore no response is required.

### Count I

129.-267.   The allegations set forth in Count I and Paragraphs 129 through 267 of plaintiffs' Second Amended Complaint do not pertain to this defendant and no

892264v1

response is required. To any extent any of the allegations are addressed to this defendant, they are denied.

### Count II

268.-276.    The allegations set forth in Count II and Paragraphs 268 through 276 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required.

### Count III

277.-288.    The allegations set forth in Count III and Paragraphs 277 through 288 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required. To any extent any of the allegations are addressed to this defendant, they are denied.

### Count IV

289.-299.    The allegations set forth in Count IV and Paragraphs 289 through 299 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required.

### Count V

300.-315.    The allegations set forth in Count V and Paragraphs 300 through 315 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required.

### Count VI

316.    Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 315 above, and incorporates them by reference as if fully set forth herein.

892264v1

317.	The allegations set forth in Paragraph 317 of plaintiffs' Second Amended Complaint set forth conclusions of law to which no response is required.

318.-333.	The defendant denies each and every allegation set forth in Paragraphs 318 through 333 of plaintiffs' Second Amended Complaint.

## Count VII

334.-351.	The allegations set forth in Count VII and Paragraphs 334 through 350 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required. To the extent any of the allegations are directed to this defendant, the allegations are denied.

## Count VIII

352.-365.	The allegations set forth in Count VIII and Paragraphs 352 through 365 of plaintiffs' Second Amended Complaint do not apply to this defendant and therefore no response is required. To any extent these allegations are deemed to apply to this defendant, they are denied.

## THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

By way of affirmative defense, the Complaint must be dismissed for improper service.

## FIFTH DEFENSE

By way of affirmative defense, the Complaint must be dismissed due to lack of jurisdiction over this defendant.

892264v1

## SIXTH DEFENSE

By way of affirmative defense, the Complaint must be dismissed as it is barred by the statute of limitations.

## SEVENTH DEFENSE

By way of affirmative defense, plaintiffs cannot recover because of the doctrine of qualified immunity.

## EIGHTH DEFENSE

By way of affirmative defense, plaintiffs' action is barred by laches.

## NINTH DEFENSE

By way of affirmative defense, the defendant states that his acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore, plaintiffs cannot recover.

## TENTH DEFENSE

By way of affirmative defense, if plaintiffs' suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

## ELEVENTH DEFENSE

By way of affirmative defense, the defendant was justified in his conduct and acts and that therefore the plaintiffs cannot recover.

892264v1

## JURY TRIAL

The defendant Lawrence Sarhatt, demands a jury trial as to all issues triable as of right to a jury.

>Respectfully submitted,
>The Defendant,
>LAWRENCE SARHATT
>By his attorneys,
>**MORRISON, MAHONEY & MILLER, LLP**
>
>_____
>Tory A. Weigand, BBO #548553
>250 Summer Street
>Boston, MA 02210
>617-439-7500

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 4/9/03

_____
Tory A. Weigand

892264v1