UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICIA DONAHUE, individually and as ) <br> Administratrix of the Estate of Michael J. Donahue, ) <br> MICHAEL T. DONAHUE, ) <br> SHAWN DONAHUE, and ) <br> THOMAS DONAHUE, ) <br>                  Plaintiffs, ) <br> ) <br>     v. ) <br> ) <br> THE UNITED STATES OF AMERICA, et al., ) <br>              Defendants. ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> 01-10433-RCL |

MEMORANDUM AND ORDER ON MOTIONS OF DEFENDANTS FITZPATRICK,
MORRIS, AND SARHATT FOR JUDGMENT ON THE PLEADINGS
BASED ON THE STATUTE OF LIMITATIONS

LINDSAY, District Judge

    This is a suit brought by Patricia Donahue, Administratrix of the Estate of Michael J.

Donahue (the "Estate") and individual members of the Donahue family (the "plaintiffs") against

Robert Fitzpatrick, John M. Morris, Lawrence Sarhatt (the "defendants," all of whom were FBI

agents at times relevant to the second amended complaint) and others.  It arises out of the

circumstances surrounding the 1982 murder of Michael J. Donahue, allegedly at the hands of

James "Whitey" Bulger, an alleged member of the Boston area's Winter Hill Gang.  The second

amended complaint is in nine counts.  Count V alleges that Morris'[1] alleged involvement in

---

[1]Count V also names John J. Connolly, Jr. as a defendant.  Connolly has also moved for
judgment on the pleadings (docket no. 147), in part based on the statute of limitations.  Because
Connolly's motion addresses more than one ground for judgment, I will dispose of his motion in
a separate order.

Donahue's murder deprived Donahue, his estate, and the other plaintiffs of their constitutional rights under the First, Fourth, and Fifth Amendments of the Constitution of the United States, conduct which the plaintiffs say is actionable under the rule stated in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In count VI, the plaintiffs assert *Bivens* claims against Fitzpatrick, Morris, and Sarhatt for their participation in these alleged constitutional deprivations in their role as supervisors of other FBI agents. The defendants have moved under Fed. R. Civ. P. 12(c) ("Rule 12(c)") for judgment on the pleadings on these counts, arguing that the *Bivens* claims, filed on March 12, 2001, are barred by the statute of limitations. For the reasons stated below, I DENY the defendants' motions.

## I.    Standard of Law Applicable to Rule 12(c) Motions

For the purpose of these motions, I must treat all well-pleaded facts, and all reasonable inferences therefrom, as true. *United States v. U.S. Currency $81,000,* 189 F.3d 28, 33 (1st Cir. 1999); *see also Collier v. City of Chicopee*, 158 F.3d 601, 602 (1st Cir. 1998) (noting that motions for judgment on the pleadings under Rule 12(c) warrant the same treatment as motions to dismiss under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Generally, a motion under Rule 12(b)(6) or Rule 12(c) is decided solely on the basis of the pleadings, and reference to extraneous documents converts the motion into one for summary judgment. Fed. R. Civ. P. 12(b); *Rubert-Torres v. Hospital San Pablo, Inc.*, 205 F.3d 472, 475 (1st Cir. 2000) (explaining that courts may borrow from cases interpreting Rule 12(b)(6) when determining whether attachment of or reference to other documents converts a Rule 12(c) motion into one for summary judgment). In support of the instant motions, the defendants have adopted by reference the Consolidated Memorandum of Law in Support of Individual Defendants' Motions to Dismiss

or for Judgment on the Pleadings on Statute of Limitations (the "Consolidated Memorandum" or "Cons. Mem."),[2] which in turn incorporates by reference copies of numerous media reports that the defendant United States submitted in connection with its motion to dismiss the claims against it in this case.[3]  Cons. Mem. p. 8 n.3.  Likewise, the plaintiffs have attached to their brief on the present motion copies of the affidavits they filed in response to the earlier motion of the United States to dismiss.  Notwithstanding the references to these documents, which are extrinsic to the complaint, I may rely on them without converting the defendants' motions into motions for summary judgment, because the documents are part of the public records of this court.  *See*, *e.g.*, *In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996) ("[M]atters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss."), *rev'd on other grounds sub. nom. Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998); *Edwards v. John Hancock Mut. Life Ins. Co.*, 973 F.2d 1027, 1030 n.1 (1st Cir. 1992) (recognizing that certain items in the record and the public record may be considered in a Rule 12(b)(6) motion without converting it to a motion for summary judgment) (citation omitted).[4]

---

[2]The Consolidated Memorandum was filed in *Estate of McIntyre v. United States*, C.A. No. 01-10408-RCL (D. Mass. July 7, 2003) (docket no. 311).

[3]I denied the motion of the United States in *Donahue v. FBI*, 204 F. Supp. 169 (D. Mass. 2002).

[4]*See also Rubert-Torres*, 205 F.3d at 476 (acknowledging that "not every attachment to a Rule 12(c) motion or opposition thereto requires conversion into a motion for summary judgment").

## II.     Applicable Statute of Limitations and Principles of Accrual

Because Congress has not established a time limitation for *Bivens* actions, the three-year

Massachusetts statute of limitations applicable in tort actions for personal injuries, M.G.L. ch.

260, § 2A, or civil rights actions, M.G.L. ch. 260, § 5B,[5] and any associated state tolling laws

will apply, provided they are not inconsistent with federal law or policy.  *Wilson v. Garcia*, 471

U.S. 261, 266-67, 276-80 (1985); *Board of Regents v. Tomanio*, 446 U.S. 478, 485-86 (1980);

*Roman v. Townsend*, 224 F.3d 24, 29 (1st Cir. 2000).[6]  Federal law determines when a *Bivens*

claim accrues.  *Roman*, 224 F.3d at 29.

I have addressed the federal law pertaining to the accrual of the plaintiffs' FTCA claims

in *Donahue,* 204 F. Supp. at 175-78.  In deciding the present motions I may rely on this case and

others dealing with the accrual of FTCA claims.  *Marrapese v. Rhode Island*, 749 F.2d 934, 938

n.8 (1st Cir. 1984) (recognizing that, although "different considerations may apply in section

1983 actions and in FTCA suits, the problems courts encounter in resolving the accrual question

under federal law are basically the same").  In *Donahue*, the United States moved under Fed. R.

---

[5]Because both statutes have a three-year period of limitations, it is unnecessary to decide whether M.G.L. ch. 260, § 5B supplants M.G.L. ch. 260, § 2A for purposes of federal civil rights actions.  *See Street v. Vose*, 936 F.2d 38, 39 n.2 (1st Cir. 1991).

[6]Borrowing the state statute of limitations "logically include[s] rules of tolling" because

[a]ny period of limitation ... is understood fully only in the context of the various circumstances that suspend it from running against a particular cause of action. ... In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application.

*Tomanio*, 446 U.S. at 485-86 (quoting in part *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 463-64 (1975)).

4

Civ. P. 12(b)(1) to dismiss the plaintiffs' FTCA claims for lack of subject matter jurisdiction on

the premise that the plaintiffs had not presented their administrative claims within the two-year

limitations period of the FTCA.  The United States argued that (1) the "discovery rule" of

accrual did not apply to FTCA claims outside of the realm of medical malpractice; and (2) even

if the discovery rule applied, the plaintiffs' administrative claims, presented on March 29, 2001,[7]

were untimely because, *inter alia*, widespread media reports and Morris' testimony in *United*

*States v. Salemme*, 91 F. Supp. 2d 141 (D. Mass. 1999), provided the plaintiffs with actual or

constructive notice of the factual basis of their claims.  204 F. Supp. 2d. at 176-77.  Both of these

arguments were unsuccessful.  I ruled that the discovery rule did apply to the plaintiffs' FTCA

claims, and that under this rule claims do not accrue until "the plaintiff discovers, or in the

exercise of reasonable diligence should have discovered, the *factual* basis for the cause of

action." *Donahue*, 204 F. Supp. 2d at 176 (emphasis added) (quoting *Gonzalez v. United States*,

284 F.3d 281, 288 (1st Cir. 2002)).  I also disagreed with the argument of the United States that

information in media reports or the *Salemme* decision should be automatically imputed to the

plaintiffs, and I held that "on the facts [as they pertain to the claim against the United States], it

was not unreasonable for the plaintiffs to have failed to discover the factual basis of their claims

until after March 30, 1999." *Id.* at 177.

  Fitzpatrick, Morris, and Sarhatt now advance their versions of the United States'

unpersuasive arguments:  (1) the plaintiffs' claims accrued upon "learning of injury and physical

---

   [7]Shortly before presenting their administrative claims, the plaintiffs filed this lawsuit against the individual defendants on March 12, 2001.  After waiting the required six months for the United States' response to their administrative claims, the plaintiffs amended their complaint on October 25, 2001 to add two counts against the United States.

cause--the deaths of the ... decedent by murder," and the discovery rule does not apply, Cons. Mem. pp. 2-6; and (2) even if the discovery rule applies to *Bivens* actions, the plaintiffs' claims accrued more than three years prior to March 12, 2001, primarily because "[i]t is well established that widespread publicity does place a potential claimant on notice of a claim." *Id.* p. 21. The defendants, however, have not offered any argument in support of these contentions more convincing than those of the United States that I rejected in *Donahue*.

I could simply dispose of the defendants' contentions here by reference to my decision in *Donahue* and the First Circuit's recent decision in *Skwira v. United States*, 344 F.3d 64 (1st Cir. 2003), in which the Court of Appeals held that the discovery rule applies to FTCA claims outside the context medical malpractice claims. It may be helpful to the disposition of other, similar motions, filed in cases related to this, however, if I briefly address the defendants' argument that the plaintiffs' *Bivens* claims accrued upon discovery of Donahue's death (the "injury" according to the defendants) by murder (the so-called "*physical* cause" of the injury).

The defendants maintain that cases like *United States v. Kubrick*, 444 U.S. 111, 123 (1979) make it "crystal clear that discovery of the 'cause' of an injury for statute of limitations purposes means discovery of *physical* cause." Cons. Mem. p. 3 (emphasis added). The defendants, however, have made a colossal leap from the Court's holding in *Kubrick* to their assertion that the claims of the plaintiffs accrued when the plaintiffs learned that the "physical cause" of Donahue's death was murder. In *Kubrick*, the Supreme Court observed that a medical malpractice claim accrues when an injured party "knows both the existence and the cause of his injury." 444 U.S. at 113. Once the *Kubrick* plaintiff was aware of his injury and its "*probable* cause," the claim accrued, because the plaintiff had knowledge of the "factual predicate for a

claim." *Id.* at 118 (emphasis added).  While the defendants' reading of *Kubrick* - - that a claim accrues upon notice of injury and the *physical* cause thereof - - may apply in the limited circumstance where notice of the physical cause of an injury is tantamount to notice of its probable cause, applying *Kubrick*, as the defendants do here, misconstrues both the nature of the claimed injury and *Kubrick*'s requirement of notice of "probable cause" of the injury.

The injury forming the basis of the plaintiffs' *Bivens* claims was not Donahue's death, as such, but rather the "injury to [their] constitutional rights" resulting from alleged misconduct by government actors.  *Marrapese*, 749 F.2d at 937 (where state required plaintiff to submit to unsafe medical tests, plaintiff's injury "was not a medical injury flowing from an act of malpractice but rather was an injury to his constitutional rights based upon the officers' forcing him to undergo a benzidine test against his will"); *cf. Skwira v. United States*, 344 F.3d 64 (1st Cir.  2003) (explaining that where plaintiffs' decedent had been intentionally killed by nurse in government hospital, FTCA claim based thereon was not akin to a medical malpractice claim, but was rather a negligent supervision claim).  Moreover, the "probable cause" of the injury claimed in this case was not simply the *physical* cause - - murder by gunshot wound - - but murder aided by certain government actors, or the *factual* cause.  *See, e.g.*, *Attallah v. United States*, 955 F.2d 776, 780 (1st Cir. 1992).[8]  Finally, any remaining suggestion that *Kubrick*'s requirement of notice of an injury's "probable cause" is satisfied by notice of "physical cause"

---

[8]In *Attallah*, the First Circuit explicitly rejected the government's argument that the plaintiffs' *Bivens* claims arising from the murder of the plaintiffs' courier by United States Customs agents accrued when the plaintiffs' learned that the courier had been abducted and killed: "[W]e cannot see how appellants could have known the factual basis for their claim--the robbery and subsequent assassination of their courier *by two Customs agents*."  955 F.2d at 780 (emphasis added).

(outside the context of a medical malpractice claim) was eliminated in *Skwira*.  344 F.3d at 73-77.

Thus, in this case, the plaintiffs' *Bivens* claims accrued when the plaintiffs had notice of both their constitutional injuries and the probable cause of these injuries.  I conclude, based on the record, treating the plaintiffs' well-pleaded facts as true, that it was not unreasonable for the plaintiffs to have failed to discover the factual basis for their *Bivens* claims until after March 30, 1999.  Accordingly, I rule that the plaintiffs' *Bivens* claims did not accrue before that date.  *See* 204 F. Supp. 2d at 177.   Because the plaintiffs filed this lawsuit on March 12, 2001, the three-year statute of limitations does not bar the plaintiffs' *Bivens* claims, and the motions of defendants Fitzpatrick, Morris, and Sarhatt for judgment on the pleadings (docket nos. 151, 152, and 150, respectively) are DENIED.

SO ORDERED.

 /s/ REGINALD C. LINDSAY_____
United States District Judge

DATED:  March 23, 2004

8