UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
|  | ) | Civil Action Nos.: |
| EST. OF JOHN McINTYRE, et al, | ) | 01-CV-10408-RCL |
| EST. OF MICHAEL DONAHUE, et al, | ) | 01-CV-10433-RCL |
| EST. OF E. BRIAN HALLORAN, et al, | ) | 01 -CV-11346-RCL |
| EST. OF ROGER WHEELER, et al, | ) | 02-CV-10464-RCL |
| EST. OF RICHARD CASTUCCI, et al, | ) | 02-CV-11312-RCL |
| EST. OF LOUIS LITIF, et al, | ) | 02-CV-11791-RCL |
| EST. OF WILLIAM BENNETT, et al | ) | 02-CV-11802-RCL |
| EST. OF DEBRA DAVIS, et al. | ) | 02-CV-11911-RCL |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, et al, | ) |  |
| Defendants. | ) |  |

### DONAHUE PLAINTIFFS' OPPOSITION TO JOINT MOTION OF INDIVIDUAL DEFENDANTS' FOR RELIEF UNDER RULE 60(b) OR TO REOPEN TIME FOR FILING NOTICE OF APPEAL

The Donahue plaintiffs hereby oppose the joint motion of the defendants, Sarhatt and Fitzpatrick for relief under Rule 60(b) or in the alternative to reopen time for filing notice of appeal. In support of this opposition the Donahue plaintiffs state that there is no ambiguity in this Court's order dated March 31, 2004.

In the Donahue case, the only individual defendants who have asserted a qualified immunity defense are the defendants Sarhatt and Fitzpatrick. Pursuant to this Court's order, their motions to dismiss were denied. This Court's order is unambiguous:

> Judge Reginald C. Lindsay: Electronic ORDER entered granting in part and denying in part 145 motion of defendant Fitzpatrick to dismiss: denied as to the portion of Count VI (a) and (b) alleging that Fitzpatrick denied the decedent of his right under the Fifth Amendment of the United States Constitution not to be deprived of life without due process of law, granted as to the remaining portions of Count VI (a), (b). Granting in part and denying in part 148 motion of defendant Sarhatt for judgment on the pleadings: denied as to the portion of Count VI (a), (b) alleging that Sarhatt

> deprived the decedent of his right under the Fifth Amendment of the United States Constitution not to be deprived of life without due process of law, granted as to the remaining portions of Count VI (a), (b). The Court shortly will issue a comprehensive memorandum setting forth the reasons for its rulings. Because the rulings may result in appeals, See *Mitchell v. Forsythe 472 US 511, 530* (1935), the Court will look favorably upon timely filed motions to extend the deadline for filing appeals to a date following the issuance of the Court's memorandum. (RCL, law 1)(Entered: 03/31/2004).

It is crystal clear from this Court's order that the only two individual defendants who had filed motions to dismiss or for judgment on the pleadings as to the Bivens claims, Mr. Fitzpatrick and Mr. Sarhatt, had been denied. It is also clear from this order that the Court makes it clear that the motion to extend time to file a notice of appeal must be timely filed. There is no ambiguity in this order.

The defendants have failed to file a timely notice of appeal.

This Court lacks any authority to extend the time for the defendants to now file a notice of appeal. The defendants do not cite a single case in support of their proposition that this Court has the authority to extend the time at this point.

For the reasons set forth herein, the Donahue plaintiffs respectfully request that this Court deny the defendants motion.

Respectfully submitted,

The Donahue Plaintiffs,
By their Attorney,

_____
Edward T. Hinchey, Esq.
SLOANE & WALSH, LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-6010