UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

THE ESTATE OF MICHAEL DONAHUE, ET AL, )
   Plaintiffs, )
   v. )
THE UNITED STATES OF AMERICA, )
   Defendants )

DOCKET NO: 01-CV-10433  WGY

## DEFENDANT, LAWRENCE SARHATT'S[1] MOTION FOR ENTRY OF FINAL JUDGMENT

NOW COMES defendant Lawrence Sarhatt and hereby moves for the entry of final judgment as to all claims in plaintiffs' complaint.   As more fully set forth below, certain of plaintiffs' *Bivens* claims against defendant were previously adjudicated in favor of defendant Sarhatt with all remaining claims stayed pending resolution of the FTCA claims against the United States.  With the FTCA claim now resolved, and pursuant to the dictates of 28 U.S.C. § 2676 (2011) (judgment bar provision), defendant Sarhatt is entitled to judgment dismissing all of plaintiffs' claims against him.

### Background

a.  *The FTCA and Bivens Claims*

1.  This is a suit brought by Patricia Donahue, individually and as administratrix of the Estate of Michael J. Donahue (the "Estate") and by Michael T., Shawn, and Thomas Donahue against John J. Connolly, Jr., Robert Fitzpatrick, John M. Morris and Lawrence Sarhatt

---

[1] Defendant Connolly has assented and joins this motion through representation from counsel.  Undersigned counsel was unable to reach or otherwise obtain any reply regarding the remaining individual defendants (Morris, Fitzpatrick).

1

(all of whom were agents of the Federal Bureau of Investigation (the "FBI") at times relevant to plaintiffs' Second Amended Complaint), and the United States of America.

2.    The claims asserted against the United States were under the FTCA while the claims against the individual defendants were pursuant to the rule announced in <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) (<u>i.e.</u> <u>Bivens</u> actions).

3.    The Second Amended Complaint is in nine counts with Count IV directed at defendant Sarhatt. In that count, plaintiffs asserted *Bivens* claims against Morris, Fitzpatrick and Sarhatt for their alleged participation in the alleged constitutional deprivations by Connolly and Morris in their roles as supervisors of other FBI agents.

4.    The Second Amended Complaint likewise sets out a FTCA claim or claims asserting that all of the named individual defendants (Connolly, Morris, Fitzpatrick and Sarhatt) were negligent which negligence caused Donahue's death. It was alleged that when Connolly purportedly informed Bulger and Flemmi that Halloran was cooperating with authorities that; FBI agents, including supervising agents such as Sarhatt, were responsible for the death through the purported protection afforded Bulger and Flemmi which encouraged and enabled them to commit the murder(s); and that supervisory agents, including Sarhatt, negligently supervised Connolly, failing to take corrective action even though they knew or should have known that Connolly was leaking information to Bulger and Flemmi and protecting them from investigation, arrest and prosecution. <u>See</u> Second Amended Complaint including Counts VIII and IX as well as incorporated Presentment Letter asserting that "the actions of ….Sarhatt [and others] resulted in the murder of … Donahue." <u>See also</u> <u>McIntyre v. United States</u>, 545 F. 3d 27, 37 (1st Cir. 2008).

5.      Defendant Sarhatt's Motion for Judgment on the Pleadings (docket entry no. 148) was allowed in part and denied in part on or about March 31, 2004 (docket entry Nos. 149, 171). Judgment was granted as to all *Bivens* claims against Sarhatt except that portion of the *Bivens* claim alleging that Sarhatt deprived the decedent of his right under the Fifth Amendment based on Connolly's underlying conduct.

      b.      *Plaintiffs' Elect to Proceed to Judgment on FTCA Claim and Stay Bivens Claims*

6.      Plaintiffs elected to pursue the FTCA claims against the Government and not pursue the *Bivens* claims.

7.      On May 15, 2007, plaintiffs and the individual *Bivens* defendants including Sarhatt filed a Joint Motion to Stay and Bifurcate Trial of *Bivens* Claims Pending Resolution of FTCA claims (Docket Entry No. 188).

8.      The motion was premised, in part, on the judgment bar provision of the FTCA set forth in 28 U.S.C. § 2676 and with the plaintiffs otherwise opting to pursue the FTCA to a final judgment.

9.      In that motion, it was represented by all parties that: "It is understood and agreed that resolution of the FTCA claims will as a practical matter, resolve and dispose of the <u>Bivens</u> claims against the individual defendants due to the judgment bar provision of the FTCA." (Docket Entry No. 188).

10.      The Joint Motion to Stay was allowed by the court on May 30, 2007.

11.      Plaintiffs proceeded with their FTCA claims against the United States.

      c.      *FTCA Claims Are Taken to Judgment*

12.      Plaintiffs sought and obtained summary judgment as to liability as to the FTCA claims against the United States on or about November 19, 2007.

13.    The finding on summary judgment was that Connolly leaked Halloran's identity and cooperated with Bulger and Flemmi resulting in Halloran and Donahue's murder by Bulger. The purported wrongful conduct of Connolly was found not to be outside of Connolly's employment scope due in part to the institutional and supervisory motivation of the FBI to use Bulger/Flemmi as to the LCN.

14.    A trial as to damages was initially held in March 2009 with this Court entering a final damages determination on or about May 1, 2009.

15.    On or about May 1, 2009, this Court requested the submission of a form of judgment. A proposed judgment was submitted on May 6, 2009 and addressed the FTCA claim and the awarded damages under the FTCA against the United States but did not include or refer to the *Bivens* claims as to the individual defendants including defendant Sarhatt.

16.    On May 7, 2009, the Court entered final judgment based on the FTCA award. No final judgment has been entered as to the remaining *Bivens* claims. (Docket Entry No. 238).

17.    The Government appealed the FTCA judgment. (Docket Entry No. 243).

18.    On or about February 10, 2011, the First Circuit reversed the judgment for the plaintiffs' and ordered that judgment enter for the United States on the FTCA claims holding that the claims were not timely filed under the FTCA's two year limitations period. *See* **Exhibit A** hereto.

19.    Plaintiffs' subsequently filed a Petition for Rehearing and a Petition for Rehearing En Banc. Both petitions were denied on October 6, 2011.

20.    Defendant is unaware of any further appeal.[2]

_____

[2] The appeal period to the United States Supreme Court is 90 days.

*d.    The Prior Judgment Bar Motions Before the Court*

21.    On or about May 13, 2009 (following the initial May 7, 2009 final judgment on the FTCA claims), defendant Sarhatt moved for Entry of Final Judgment Under the Judgment Bar set forth in 28 U.S.C. §2676 (2011). (Docket Entry No. 239).

22.    On May 14, 2009, this Court entered Final Judgment for defendant Sarhatt in response to the motion.

23.    On June 2, 2009, plaintiffs' filed a Motion for Reconsideration of defendant Sarhatt's Motion for Final Judgment.  Before the time for filing an opposition expired, the Court entered an order dated June 8, 2009 providing: "In reconsideration, the claim against Lawrence Sarhatt shall be administratively closed until the time for appeal of the judgment against the United States shall have run or the appeal has been decided." (Docket Entry No. 240).

24.    On June 12, 2009, defendant Sarhatt (jointly with all other individual defendants' Morris, Connolly and Fitzpatrick) filed a Joint Motion for Reconsideration of the June 8, 2009 Order or, alternatively, Request for Order Pursuant to 28 U.S.C. §1292(b). (Docket Entry No. 242).

25.    On February 17, 2010, an electronic order denying the Motion for Reconsideration issued.

## <u>ARGUMENT</u>

I.    **<u>The Judgment Bar</u>**

Section 28 U.S.C. § 2676 provides as follows:

> The judgment in an action under section 1346(b) of this title, shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

1345633v1

This provision is known as the FTCA's judgment bar. By its express terms "section 2676 makes a final judgment as an FTCA claim preclusive against any *Bivens* action based on the same underlying complaint." *See* <u>Farmers v. Perrill</u>, 275 F. 3d 958, 963 (10th Cir. 2001); <u>Engle v. Meck</u>, 24 F.3d 13, 135 (10th Cir. 1994); *see also* <u>Rodriquez v. Handy</u>, 873 F.2d 814, 816 (5th Cir. 1989) (judgment bar is broad and sweeping); <u>Manning v. United States</u>, 546 F.3d 430 (7th Cir. 2008)(same).[3]

Section 2676's primary purpose is to prevent duplicative recovery for the same injury and avoid the burdens and waste of resources in defending repetitive suits. <u>Gasbo v. United States</u>, 39 F.3d 1420 (7th Cir. 1994) (legislative history of section 2676 was to prevent dual recoveries and suits); <u>Williams v. Fleming</u>, 597 F.3d 820, 822-23 (7th Cir 2010)("the judgment bar recognizes that the purpose of sovereign immunity is to protect the United States not simply from the financial consequences of suit but also from the burden of defending against suit" including "defending against separate lawsuits arising from the same conduct"). It has likewise been found that "Congress evidently intended the burden of responsibility for paying damages for tortious acts by federal employees to fall on the government, rather than on employees." <u>Manning v. United States</u>, 2006 U.S. Dist. LEXIS 93344 (N.D. Ill. 2006) *aff'd* <u>Manning v. United States</u>, 546 F. 3d 430 (7th Cir. 2008); *see also* <u>Birnbaum v. U.S.</u>, 588 F.2d 319, 333 (2d Cir. 1978)("since a judgment in an action against United States under FTCA constitutes a [judgment bar] in favor of the employee[s] whose act gave rise to the claim" the rule increases the likelihood "that claims for torts [will] be made against the U.S. rather than, as *Bivens* suits,

---

[3] 28 U.S.C. §1346(b) provides for an action against the United States for money damages for:
    Personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the place where the act or omission occurred.

against the employee" and "[t]hat is as it should be" as government agent should not "be made to suffer alone an ignominious financial ruin"). Moreover, there is an "election of remedies" component to the provision in that while a claimant may pursue both FTCA and *Bivens* claims, "[i]n regard to pursuing those claims to judgment, however, the judgment bar imposes an election of remedies." Ting v. United States, 927 F.2d 1504, 1513 n. 10 (9th Cir. 1991); *see also* Manning, 546 F. 3d at 435 ("Both remedies [FTCA and *Bivens*] remain viable causes of action, but because of the broad language of the judgment bar, plaintiffs must make strategic choices in pursuing the remedies").

## II.    There is No Dispute That The *Bivens* Claims Arise Out of The Same Subject Matter As The FTCA Claims Triggering the Judgment Bar

As set forth in plaintiffs' prior motion with the court,[4] plaintiffs do not contend (nor could they) that the *Bivens* action does not "arises out of the same subject matter" as the FTCA triggering the application of the judgment bar.[5] Final judgment has now entered on plaintiffs' FTCA claim with all avenues of appeal now exhausted. The remaining *Bivens* claim against Sarhatt, in turn, clearly constitutes an "action by the claimant by reason of the same subject matter" as the FTCA claim. Section 2676's language "by reason of the same subject matter" has been consistently interpreted to mean "arising out of the same actions, transactions, or occurrences." See, *e.g.*, Estate of Trentadue v. United States, 397 F.3d 840, 858-59 (10th Cir.

---

[4] Plaintiffs' Motion for Reconsideration dated June 2, 2009 (docket entry no. 240). In the Joint motion to stay the *Bivens* claims, plaintiffs' counsel stated that it was "understood and agreed that resolution of the FTCA claim will, as a practical matter, resolve and dispose of the *Bivens* claims against the individual defendants due to the judgment bar provisions of the FTCA." See docket entry no. 188; *see e.g.* Schott Motorcycle Supply, Inc. v. American Honda Motor Co., 975 F.2d 58, 61 (1st Cir. 1982)(judicial admission). Plaintiffs agreed to the stay of the *Bivens* claims acknowledging that the judgment bar of 2676 would bar pursuit of the *Bivens* claims upon any FTCA judgment. Plaintiff expressly elected to pursue the FTCA claim to final judgment. That final judgment now bars the *Bivens* claims.
[5] Section 2676 establishes that a FTCA judgment bars "any action by the claimant" if the action "arises out of the same subject matter" and the action is "against the employee of the government whose act or omission gave rise to the claim."

7

2005), *citing* <u>Serrer v. Pichardo</u>, 786 F.2d 237, 239-40 (6th Cir. 1986); <u>Armstrong v. Vogel</u>, 424 F. Supp. 445, 447 (D S.C. 1977). The subject matter, transaction or occurrence is the death of Donahue due to the asserted conduct of Connolly, Sarhatt, Fitzpatrick and Morris if not others at the FBI. <u>See</u> Second Amended Complaint.

Further, section 2676's requirement that the claim be "against the employee of the government whose act or omission gave rise to the claim" is also satisfied. This element is met in three independent ways: (1) the FTCA claim as pled included the alleged acts or omissions of Sarhatt; (2) the FTCA judgment included the acts of Sarhatt; and/or (3) Sarhatt's liability under *Bivens* requires establishment of Connolly's wrongful conduct.

First, the FTCA claim as pled included the alleged acts or omissions of Sarhatt. The FTCA claim set forth in the complaint (and outlined in the incorporated by reference presentment) was broad and encompassing. <u>See</u> Second Amended Complaint. It expressly included the asserted acts or omissions of Sarhatt. It was alleged and claimed that the individual acts or omissions of all of the named defendants including Sarhatt constituted negligent conduct which resulted in Donahue's death and liability under the FTCA. <u>Id</u>. More particularly, plaintiffs' theory was that Connolly purportedly informed Bulger and Flemmi that Halloran was cooperating with authorities. It included the assertion that the FBI agents, including supervisory agents such as Sarhatt, were responsible for the death through their purported protection of Bulger and Flemmi which encouraged and enabled them to commit the murders, and that supervisory agents, including Sarhatt, negligently supervised Connolly, failing to take corrective action even though they knew or should have known that Connolly was leaking information to Bulger and Flemmi and protecting them from investigation, arrest and prosecution. *See* Second

Amended Complaint; see also McIntyre v. United States, 545 F.3d 27, 37 (1st Cir. 2008).[6]  Since Sarhatt's alleged acts or omissions were part of the FTCA claim as pled, the *Bivens* claim as to Sarhatt is barred under § 2676 as it is an action "against the employee of the government whose act or omission gave rise to the claim."

The fact that the FTCA's claim focused on Connolly's actions (i.e. leak of Halloran's identity to Bulger) does not alter the fact that (a) the *Bivens* claim as to Sarhatt arises out of the same "transaction" or "occurrence" – the death of Donahue at the hands of Bulger and (b) that the acts or omissions of Sarhatt were a subject of the FTCA claim as pled (i.e. "gave rise to the claim").  Indeed, it has been consistently recognized that just because a claimant may ultimately recover on a narrower grounds or theory than pleaded does not negate the broad transactional view of the substantive underpinning of the claim for purposes of the judgment bar.  *See*, *e.g.*, Trentadue, 397 F. 3d 848-59; Serra, 786 F. 2d at 239-240; Armstrong, 424 F. Supp. at 447; Arevalo v. Woods, 811 F. 2d 487 (9th Cir 1985); Rodriquez v. Handy, 873 F. 2d 814 (5th Cir. 1989).[7]  In sum, the alleged acts or omissions of Sarhatt were the subject of the FTCA claim requiring application of the judgment bar.[8]

---

[6] The First Circuit in its decision in the McIntyre action singled defendant Sarhatt out as being one of the few FBI agents that did not ignore or condone Connolly's tactics or allegations of serious criminal conduct.  McIntyre, 545 F.3d at 47-48.

[7] Even assuming that it can only be Connolly's acts or omissions which gave rise to the claim, the judgment bar still applies. The *Bivens* supervisory claim as to Sarhatt seeks to impose liability upon Sarhatt for Donahue's murder and because of Connolly's involvement which conduct was included in the FTCA claim. In fact, there can be no supervisory liability under *Bivens* unless the subordinate (Connolly) engaged in wrongful conduct constituting a constitutional deprivation.  *See*, *e.g.*, Camilo-Robles v. Hoyos, 151 F.3d 1, (1st Cir. 1998) (supervisory liability requires *inter alia* showing that subordinate's actions violated a clearly established constitutional right). Accordingly, the fact that the *Bivens* claim against Sarhatt incorporates and requires assessment of the acts or omissions of Connolly – which acts or omissions were the subject of the FTCA claims – section 2676's requirement that the action be "against the employee of the government whose acts or omissions gave rise to the claim" is clearly met.  The judgment bar applies and a final judgment of dismissal must enter.

[8] Important also is that the United States Supreme Court and First Circuit have recently clarified supervisory liability under *Bivens*. *See* Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009); Soto-Torres v. Fracticellis, 654 F.3d 153 (1st Cir. 2011). They made clear there can be no supervisory liability under *Bivens* and that it must be shown that the supervisor (Sarhatt), through his own individual acts, violated the constitution. According to the Supreme Court:

### III. Plaintiffs' Contention That The Judgment Bar is Inapplicable Because The Judgment on the FTCA Claim was "Procedural" and "Not on The Merits" Is Flawed and Unavailing

Plaintiffs assert that the judgment entered on the FTCA claim is "procedural" and not on the "merits" precluding application of the judgment bar.[9] Plaintiffs' rely on the Ninth Circuit decision in <u>Pesnell v. Arsenault</u>, 490 F.3d 1158 (9th Cir. 2007) and the Second Circuit's decision in <u>Hallock v. Bonner</u>, 386 F.3d 147 (2nd Cir. 2004), *rev'd on other grounds sub nom.* <u>Will v. Hallock</u>, 546 U.S. 345 (2006).The contention and reliance is misplaced. The mandatory judgment bar applies as a matter of law.

### a. Plain Language of Statute Requires Application of the Judgment Bar

Section 2676 provides, in plain terms, that "the judgment in an action under [FTCA] shall constitute a complete bar to any action [under *Bivens*]..." By its unequivocal and clear language, the judgment bar applies regardless of who won or who lost on the FTCA claim and regardless if on purported "procedural" grounds. *See, e.g.*, <u>Manning v. Merrill</u>, 2006 Westlaw 3825043 (N.D. Ill. 2006)("application of the FTCA judgment bar does not depend on who won or who lost on the FTCA claim"), *affirmed*, 546 F.3d 430 (7th Cir. 2008); <u>Farmer</u>, 275 F.3d at 963 ("Section 2676 makes no distinction between favorable and unfavorable judgments—it simply refers to 'the judgment in an action under section 1346(b)'"); <u>Hoosier Bancorp of Ind. v. Rasmussen</u>, 90 F.3d 180, 185 (7th Cir. 1996("there is no indication that Congress intended section 2676 to apply

---

..[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct. In the context of determining whether there is a violation of clearly established right to overcome qualified immunity, <u>purpose rather than knowledge</u> is required to impose *Bivens* liability on the subordinate for unconstitutional discrimination; the same holds true for an official charged with violations arising from his or her superintendent responsibilities. (emphasis added).

*Id.* at 1949; *see* <u>Soto-Torres</u>, 654 F.3d at 159, n.7 (noting that *Iqbal* calls into question language First Circuit uses for supervisory liability); see also <u>Parrish v. Ball</u>, 594 F.3d 993, 1001 (8th Cir. 2010) ("the Supreme Court's recent pronouncement in *Iqbal* may further restrict the incidents in which 'failure to supervise' will result in liability") *Iqbal*, 1295 S. Ct. at 1957 (Souter, J., dissenting) stating that the majority "eliminated Bivens supervisory liability entirely").    This change in law demonstrates that Sarhatt apart from the judgment bar, is entitled to summary judgment either or both as to qualified immunity or otherwise.

[9] See Plaintiffs' Motion for Reconsideration at pages 7-12.

only to favorable FTCA judgments"); <u>Gasho v. United States</u>, 39 F.3d 1420, 1437 (9th Cir. 1994) (same); <u>Freeze</u>, 343 F. Supp. 2d at 481 (same). The bar is "sweeping and broad" and turns on a "judgment" not on any particular type of judgment or for whom the judgment is entered in favor of. It likewise does not matter if the claims are brought in the same proceeding or not or if the <i>Bivens</i> judgment was or was not entered before the FTCA judgment. <u>Manning</u>, 546 F.3d 430; <u>Estate of Trentadue ex. rel. Aguilar v. United States</u>, 397 F.3d 840, 858 (10th Cir. 2005)(finding that entering judgment on <i>Bivens</i> claim before rending judgment on FTCA tort claim is "inconsequential to the application of judgment bar); <u>Harris v. United States</u>, 422 F.3d 322, 334 (10th Cir. 2005)("we have held that [2676] applies even where the claims were tried together in the same suit and the judgments were entered simultaneously").

There is nothing in the statutory language that makes or even hints at any intent to make a distinction between "procedural" or "non-procedural" judgments for purposes of the applicability of the judgment bar, particularly where, as here, the FTCA claims have been found to be time barred on appeal after years of litigation. Nothing in the common interpretation or understanding of the word "judgment" suggests that the distinction sought by plaintiffs was envisioned or otherwise must be made. <i>See</i> Black's Law Dictionary (defining judgment as a "court's final determination or rights"); <i>see e.g.</i>, <u>Medical Professional Mut. Ins. Co. v. Breon Laboratories Inc</u>., 141 F.3d 372, 374 (1st Cir. 1998)(refusing to read into "judgment" set forth in contribution statute the requirement of payment of the judgment given express language of statute). The text of section 2676 asks whether there has been a "judgment in an action under 1346(b)" without regard to whether the judgment was "on the merits." "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." <u>Hartford Underwriter's Ins. Co. v. Union Planters Bank,</u>

N.A., 530 U.S. 1, 6 (2000); Lamie v. United States, 540 U.S. 526, 534 (2004); Hughes Aircraft Co. v. Jacobian, 325 U.S. 432, 438 (1999)(analysis of a statute "begins with the language of the statute and where the statutory language provides a clear answer, it ends there as well"); *see also* Rubin v. U.S., 449 U.S. 424, 450 (1981)(when statutory language is plain "judicial inquiry is complete except in rare and exceptional circumstances")' Pritzer v. Yari, 42 F. 3d 53, 67-69 (1st Cir. 1994)("we will not deviate from or otherwise embellish the language of a statute absent undeniable textual ambiguity or some other extraordinary consideration such as the prospect of yielding **an patently absurd result**").  It cannot possibly be found that applying the judgment bar following the First Circuit's order directing judgment to enter on the FTCA claim and after years of litigation would yield a "patently absurd result."

Further, the determination by the First Circuit that the FTCA claim was untimely is a determination "on the merits." The judgment under section 2401 is not procedural but substantive. It was rendered only after years of litigation, an appeal, and after plaintiffs' sought and pursued a judgment on the claims at summary judgment and the determination of damages following trial. Plaintiffs' litigated all aspects of the FTCA claims and damages which included the merits of the defense based on the statute of limitation which involved substantial discovery. The First Circuit's determination and order that final judgment enter for the United States was thus not a "procedural" ruling but a judgment made after adjudicating the merits of the defense.[10] The Supreme Court has, in fact, recognized that a dismissal on statute of limitations grounds is a "judgment on the merits" that is treated like a "dismissal for failure to state a claim [or] for a failure to prosecute." Plaut v. Spendrift Farm Inc., 514 U.S. 211, 228 (1955);[11] *see also* Kale v.

---

[10] The First Circuit's order specifically directs that a judgment enter on the FTCA claim.

[11] According to the Court: "[T]he rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive

Combined Ins. Co. Inc., 924 F.2d 1161,1164 (1st Cir. 1991)("dismissal of a claim as time barred constitutes a judgment on the merits entitled to preclusive effect") *citing* Rose v. Town of Harwich, 772 F.2d 77, 80 (1st Cir. 1985)(although ruling that claim barred by statute of limitations divesting court of subject matter jurisdiction, the ruling remains one "on the merits"); Janis v. U.S., 2011 WL 12585211 (E.D. Cal. 2011)(finding that claim was untimely under FTCA is judgment on the merits); Republic of Austria v. Altmann, 541 U.S. 677, 695 n. 15 (2004)("when a 'jurisdictional' limitation adheres to the cause of action" by "prescrib[ing] a limitation that any court entertaining the cause of action [is] bound to apply," "the limitation is essentially substantive"). Indeed, statute of limitations are nearly always treated as a merits based defense as it extinguishes the cause of action. Thus, expiration of the statute cannot meaningfully be compared to a curable dismissal for failure to abide by a claim processing rule like section 2675(a). *Cf* Rose, 778 F.2d at 81 (distinguishing between limitations as a merits defense and claim processing rules). Not applying section 2676 would portend the very double round of litigation the provision seeks to prevent and with considerable harm where, as here, substantial and protracted litigation has taken place before the limitations defense ultimately was sustained.

The substantive nature of the determination is manifest. It was made only after significant discovery and litigation. The factual inquiry into whether the statute of limitations accrued (i.e., discovery rule) or was tolled by fraudulent concealment demonstrates the inherent substantive character of the defense and inquiry. While plaintiffs prevailed before the trial judge, the determination was reversed only on appeal and only after plaintiffs pursued a judgment on

---

liability, or for failure to prosecute: as a judgment on the merits."); *see also* Murphy v. Klein Tools, Inc., 935 F.2d 1127, 1128–29 (10th Cir. 1991) (holding that "a dismissal on limitations grounds is a judgment on the merits"); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) ("We hold that the dismissal of a habeas petition as untimely constitutes a disposition on the merits").

liability (summary judgment) and then as to damages after a full trial. Extensive resources and efforts were expended on the FTCA claims which were pursued by plaintiffs to a judgment over the course of years.[12] The trigger of the judgment bar is undeniable given that the determination here was made on the merits of the government's defense, after significant litigation, and after plaintiffs specifically opted to pursue the FTCA claim to a judgment also on the claims. The fact that plaintiffs initially defeated the statute of limitations defense but then lost on appeal after having prevailed on the merits, does not alter the application of the judgment bar and now allow them to pursue the *Bivens* claims as a final judgment has entered and as the *Bivens* claims clearly arise out of the same underlying facts.[13]

---

[12] This is a far cry from a ruling in which a FTCA claim is dismissed without prejudice which has been held not to trigger the judgment bar. *See, e.g.,* Maxwell v. Dodd, 2009 WL 3805597. *3 (E.D. Mich. 2009);O'Neil v. United States, 2009 WL 899439 (S.D.W.Va. 2009). In those instances, the plaintiffs remained free to re-file and pursue the FTCA claim or opt to pursue just the *Bivens* claims before any judgment was sought or entered on the FTCA claims. Id. In *Maxwell,* the Court dismissed the FTCA claims without prejudice as plaintiffs had not yet exhausted their administrative remedies. Id. at *1. Plaintiffs then opted not to pursue the FTCA claim but filed and pursued actions under *Bivens* even though the time to file and pursue the FTCA claim had not expired. Id. The Court held that the dismissal of the FTCA claims was without prejudice which "did not relegate Plaintiffs to the pursuit of one cause of action over the other; **that dismissal merely forced Plaintiffs to begin making strategic decisions regarding the pursuit of their claims.**" Id. at *3. Since plaintiffs opted not to continue to pursue the FTCA claim, the prior dismissal without prejudice was not a judgment for purposes of the judgment bar. Id. Notably, the Court also recognized that "a procedural judgment on an FTCA claim can act as a bar to recovery on related *Bivens* claims." Id. at *4. The Court reaffirmed this ruling in a later ruling post-trial as well. 2010 WL 1616403 (E.D. Mich)(judgment bar is "not implicated where a plaintiffs' FTCA claim against the United States are dismissed without prejudice such that plaintiff is entitled to pursue those claims, if he or she so desires.."). In *O'Neil,* the FTCA claim was dismissed without prejudice as plaintiffs had not yet complied with applicable state statute. 2009 WL 899439 *13-14. This dismissal without prejudice was thus not a final judgment triggering the judgment bar with plaintiffs otherwise having elected to pursue *Bivens* claims. Id.

[13] Courts have otherwise held that a FTCA claim dismissed for lack of subject matter jurisdiction is a judgment for purposes of the judgment bar. See, e.g., Williams v. Federal Deposit Ins. Corp., 2009 U.S. Dist. LEXIS 36698 (N. D.. Ill. 2009); see also Hoosier, 90 F.3d at 184-85 ("any FTCA judgment, regardless of its outcome, bars a subsequent *Bivens* action as the same conduct at issue in the prior judgment"); Farmer, 275 F.3d 958 (dismissal of FTCA action for failure to prosecute triggered judgment bar as to *Bivens* claims); see also Williams v. Fleming, 597 F.3d 820, 822-24 (7th Cir. 2010)(holding that under FTCA claims dismissed on sovereign immunity grounds are "not dismissed for lack of jurisdiction but for the existence of a defense"). The underlying logic is that the exceptions to sovereign immunity are not truly jurisdictional but defenses to a suit under the FTCA. If a FTCA claim is untimely, as here, and determined after substantial litigation no less, the resulting judgment is not that the court lacks jurisdiction or is not a determination on the merits but that the government has a defense to suit. The adjudication was thus as to the existence of a statutory defense which is a judgment on the merits. This is entirely consistent with the intent behind the bar of preventing both multiple recoveries and multiple lawsuits and their attendant burdens as well as the express language of section 2676.

      *b.*      *Neither Pesnell II Nor Hallock Support Plaintiffs' Assertion*

Neither <u>Pesnell v. Arsenault</u>, 490 F.3d 1158 (9th Cir. 2007)(Pesnell II) *opinion withdrawn and superceded by* 543 F.3d 1038 (9th Cir. 2008)(Pesnell III) nor <u>Hallack v. Bonner</u>, 387 F.3d 147 (2d Cir. 2004), *rev'd on other grounds sub. nom.,* <u>Will v. Hallack</u>, 126 S. Ct. 952 (2006) stand for the proposition that a plaintiff who pursues and obtains a monetary judgment under the FTCA after trial which is later reversed on appeal based on the claim being untimely is excused from the judgment bar. Neither decision addresses the application of the judgment bar to FTCA claims found to be untimely, never mind where, as here: (a) plaintiffs elected and pursued a judgment under the FTCA despite the statute of limitations defense; (b) substantial litigation and effort was expended as to the defense and the overall litigation; (c) plaintiffs obtained a judgment under the FTCA after substantial litigation, discovery, summary judgment and trial spanning years; and (d) the FTCA claim was found untimely only after appeal.

As to <u>Hallock,</u> it fully supports the invocation of the judgment bar. There, the claimant brought an FTCA claim for destruction of certain computer programs and property.  387 F.3d 147.  The FTCA claim was dismissed as an exception to the waiver of sovereign immunity applied to the claim. 28 U.S.C. §2680(c). A subsequent *Bivens* action was brought and the issue presented was whether the judgment bar applied.  The Second Circuit held that it did not, reasoning that in order for the bar to apply the FTCA claim "must fit" within the category of cases for which sovereign immunity has been waived. <u>Id.</u> at 155. If it does not, then a judgment declaring a lack of subject matter jurisdiction denotes that sovereign immunity has not been waived and that the case is not justifiable in any event."  In so holding, the Second Circuit rejected the position that application of the judgment bar turned on whether there was a

procedural error or not. Id. It held that an FTCA judgment based on such rulings as <u>statute of</u> <u>limitations, laches</u>, release, *res judicata*, venue, as well as involuntary dismissal without prejudice would all justify the assertion of the judgment bar in a subsequent *Bivens* action." Id.[14]

Plaintiffs' reliance on *Pesnell II* fairs no better. There, it was held that where an FTCA claim is dismissed because it does not meet the requirements for waiver of sovereign immunity, the court lacks subject matter jurisdiction and cannot render a judgment on the merits only a dismissal. <u>Pesnell II</u>, 490 F.3d at 1161.[15] According to the Ninth Circuit, the dismissal was thus not a judgment for purposes of the judgment bar. Id. The decision was not only subject to a

---

[14] According to the Court: "We reject the District Court's approach because any number of procedural defects and/or reasons having nothing to do with the merits of the claim may justify dismissal of an action properly brought under the [FTCA]. **For example, in an action properly pleaded under the FTCA, a judgment of dismissal based on the statute of limitations, laches, release, res judicata, or improper venue will justify the assertion of the judgment bar in a subsequent *Bivens* action. Indeed, even where an involuntary dismissal without prejudice is ordered pursuant to Fed. R. Civ. P. 41(b), the judgment entered thereon will constitute a complete bar.."** 387 F.3d at 155. Plaintiffs' attempt to dismiss this express statement as being *dicta*. They, in turn, rely upon the concurring opinion of Judge Marrero who would read into the statute that the judgment under §2676 must be "on the merits" and that contrary to the express statement of the majority he (Judge Marrero) believed "one could argue that an FTCA claim brought after the expiration of the relevant statute of limitations would be likewise 'improperly brought' under the FTCA and should not bar a subsequent *Bivens* suit otherwise timely filed." 387 F.3d 147 (Marrero, J. concurring opinion). First, as a concurring opinion, it has no precedential value. *See* <u>Hayes v. Hexler</u>, 2010 WL 3057842 (E.D. Cal. 2010(litigant's reliance on a concurring opinion is unavailing and holds no authority as "no opinion has value as precedent on points which there is no agreement of a majority of the court"); <u>Hicks v.</u> <u>Ballard</u>, 2010 WL 2787911 (S.D. W. Va. 2000)(concurring opinion had no precedential value); <u>U.S. v.</u> <u>Mathews</u>, 209 F.3d 338, 346 n. 4 (4th Cir. 2000)(same). Second, it has long been held that a judgment entered based on the untimeliness of a claim is a judgment on the merits. *See* cases cited in body of brief. Third, Judge Marrero's concurrence and view has not been adopted by any other court. Indeed, to the contrary, courts have held the judgment bar is triggered by a judgment under the FTCA claim entered due to the statute of limitations. *See, e.g.,* <u>Janis</u>, <u>Freeze</u> and <u>Hallock</u> discussed in body of brief. Fourth, the plain terms and language of the statute preclude reading additional language into the statute. Fifth, the concurrence has no application to the undisputed facts here which include the plaintiffs' affirmative and deliberate election to pursue a judgment under the FTCA despite the statute of limitations defense and otherwise staying the *Bivens* claims. All FTCA issues were litigated, including the statute of limitations (i.e., discovery rule and fraudulent concealment) over the course of years.

[15] Pesnell brought an FTCA action against certain federal agencies in Arizona regarding the alleged seizure and destruction of certain land title research. *See* <u>Pesnell v. U.S.</u>, 64 Fed. Appx. 73 (9th Cir. 2003)(*Pesnell I*).The FTCA claims included unjust enrichment, constructive trust, conversion, negligence, misrepresentation and wrongful search and seizure. Each was dismissed on the grounds the court lacked subject matter jurisdiction (i.e. unjust enrichment/constructive trust-lack of jurisdiction; conversion/negligence-failure to exhaust administrative remedies therefore court lacked jurisdiction; misrepresentation-specifically exempted from sovereign immunity therefore no jurisdiction and constitutional tort claims-no waiver of sovereign immunity). Pesnell then initiated an action in California against certain government employees asserting claims under RICO and *Bivens* as to unlawful search and seizure and lack of due process (i.e. *Pesnell II*). The appeal was taken from the district court's dismissal of the RICO/*Bivens* claims under the FTCA judgment bar. *See* Pesnell II, supra.

vigorous dissent but was subsequently withdrawn and superceded. *See* Pesnell v. Arsenault, 543 F.3d 1038 (9th Cir. 2008)(*Pesnell III*).

As to the dissent (Judge Clifton), it was stated that the Court was "paint[ing] with too broad a brush;" "that all dismissals for lack of jurisdiction should not be treated alike" for purposes of the judgment bar; that the judgment bar was broader then either issue or claim preclusion; and that the Ninth Circuit had already held that FTCA judgments based on lack of subject matter jurisdiction are judgments for purposes of the judgment bar.  Id. at 1168-72 discussing Gasho v. United States, 39 F.3d 1420 (9th Cir. 1994).[16] Indeed, the Ninth Circuit withdrew its opinion and superceded it with a subsequent opinion in Pesnell III. There, the Court largely adopted Judge Clifton's dissent. It confirmed that FTCA judgments based on lack of subject matter jurisdiction are entitled to preclusive effect under the judgment bar.  Pesnell III, 543 F.3d at 1042, 1044-47. Specifically, in Pesnell III, it was held that §2676 barred the plaintiff from proceeding on the same factual allegations made in the dismissed FTCA claims. Id. at 1041-42. However, to the extent that the *Bivens* and RICO claims arose out of allegations not raised in the previous action, the plaintiff could proceed because such *Bivens* and RICO claims are not encompassed within the subject matter jurisdiction authorized by §1346(b), and thus the claims were not foreclosed by the judgment bar. As such, under §2676 as interpreted in Pesnell III, a *Bivens* action related to a previously dismissed FTCA claim may proceed only to the extent that it arises out of factual allegations different than those raised in the FTCA claim. *See*

---

[16] In Gasho, it was held that dismissal of FTCA abuse of process claim under Rule 12(b)(6) was proper on the alternative grounds that the claim was barred under an exception to the FTCA's waiver of sovereign immunity—upholding lack of subject matter jurisdiction as the basis for upholding the FTCA judgment and precluding related *Bivens* actions. 39 F.3d at 1436-38. According to the Court in Gasho, "any FTCA judgment, regardless of its outcome, bars a subsequent Bivens action on the same conduct that was at issue in the prior judgment. " Id. at 1437; *see* Winnemem, 725 F. Supp 2d at 1150 (confirming dismissal of FTCA for lack of subject matter jurisdiction triggers judgment bar under Gasho); Janis v. U.S., 2011 WL 1258521 *2-3 (E.D. Cal. 2011)(same).

<u>Winnemum</u>, 715 F. Supp 2d at 1150. <u>Pesnell</u> thus supports the application of the judgment bar *sub judice*.

>    c.    *The Intent and Purpose of the Provision and Applicable Case Law Require Application of the Judgment Bar*

Not only is the procedural/merits distinction unworkable and unsupported by the statutory text and the circumstances here, it likewise finds no support in the intent or purposes behind the statute. The intent of the provision was to prevent not only dual recoveries but burdensome, repetitive litigation. It was envisioned and intended that claimants would have to make an election of remedies between FTCA and *Bivens* claims for purposes of pursuit of a judgment.[17] <u>Manning</u>, 546 F. 3d at 435 ("Both remedies [FTCA and *Bivens*] remain viable causes of action, but because of the broad language of the judgment bar, plaintiffs must make strategic choices in pursuing the remedies"); <u>Engle</u>, 24 F.3d at 135 ("had [plaintiff] chosen to seek his redress from the individual law enforcement officer, the jury verdict would have been given effect…Because, however, he chose to seek redress from the Government he had no right to a jury's verdict"). Once the FTCA action is subject of a judgment, that judgment cuts off the claimant's ability to pursue other avenues of relief (i.e. *Bivens* claims) against government employees.  By enacting the FTCA, Congress offered plaintiffs the opportunity to sue a financially responsible defendant, subject to the limits and exceptions Congress placed on the government's liability.  By making the judgment bar an integral part of the FTCA, Congress ensured that, if a claimant elected to pursue an FTCA action or claim against the United States, the judgment on that claim would protect federal employees against the burdens of litigation and

---

[17] In the FTCA, Congress "waived sovereign immunity from suit for certain specified torts of federal employees." <u>Dalehite v. United States</u>, 346 U.S. 15, 17 (1953).  The FTCA, however, places a variety of limits on the United States' waiver of its immunity as well as the scope of the United States' substantive liability under the Act, and does "not assure injured persons damages for all injuries caused by such employees."  <u>Ibid</u>.  Among the FTCA's limits is the judgment bar, 28 U.S.C. §2676.

protect the government similarly.  Indeed, the judgment bar, which prevents the claimant from pursuing the individual employees once the FTCA action has gone to judgment, is an essential feature of that statutory scheme.  Gilman, 347 U.S. at 511 n.2.

This intent and purpose is well served in the circumstances here. To ignore the judgment bar and allow the *Bivens* claim to proceed would subject the governmental employees to further litigation even after the years of litigation underlying the FTCA claim.  Moreover, plaintiffs here specifically opted to pursue the FTCA claims including going so far as to stay the *Bivens* claim pending the outcome of the FTCA claim.  They elected and pursued a judgment against the United States based on the FTCA and did so even after the Government filed its motion to dismiss based on the assertion the claim was untimely. Plaintiffs could have opted not to pursue the FTCA claim given this and other defenses of the Government but nevertheless did not do so electing to pursue the FTCA claim to a judgment. Plaintiffs elected to litigate the timeliness issue which was substantial involving the fact dependent issues of both accrual (discovery rule) and fraudulent concealment; elected to pursue a liability determination through substantial discovery and summary judgment proceedings; and elected to pursue damages including through a substantial trial.  These issues and proceedings involved significant investigation, discovery and litigation to resolve which together with all other issues underlying the FTCA claims were litigated over the course of years. Having elected to pursue a judgment against the United States under the FTCA, it cannot now, after having the judgment reversed on appeal, claim excuse from the judgment bar.  Neither the plain statutory terms nor intent allow for such a result.

Application of the judgment bar is likewise supported by applicable case law. Courts have specifically held that FTCA judgments entered on statute of limitations grounds, defective presentment grounds, or by virtue of failure to prosecute do not preclude the application of

section 2676's express bar.  See Hallock v. Bonner, 387 F.3d 147, 155 (2nd Cir. 2004) (noting

that an FTCA claim dismissed based on statute of limitations justifies assertion of judgment bar);

Janis, , 2011 WL 1258521, *2-3 (judgment bar triggered by dismissal of FTCA claims based on

statute of limitations); Freeze v. United States of America, 343 F. Supp. 2d. 477 (M.D.N.

Carolina 2004), aff'd, 2005 U.S. App. LEXIS 9498 (4th Cir. 2005) (judgment bar as to Bivens

claims applies where judgment on FTCA claim entered based on failure to make proper

presentment); Winnemem Wnitu Tribe v. U.S. Dept's of Interior, 725 F. Supp. 2d 1119, 1149-50

(E.D. Cal. 2010)(proposed Bivens claim barred by judgment bar where FTCA claim previously

dismissed for failure to exhaust administrative remedies); see Farmer, 275 F.3d 958 (dismissal of

FTCA action for failure to prosecute triggered judgment bar).   Such rulings resulted in

"judgments" thus requiring application of the bar. The same must be done here.

## CONCLUSION

Defendant, Lawrence Sarhatt (as well as all of the individual Bivens defendants) are

entitled to judgment on all remaining claims.  20 U.S.C. § 2676 applies barring any further action

and requiring that a final judgment enter.

> Respectfully Submitted,
> The Defendant
> LAWRENCE SARHATT,
> By his attorneys,

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on **February 6, 2012**

/s/ Tory A. Weigand

/s/ Tory A. Weigand

_____

Tory A. Weigand, BBO #548553
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210-1181
(617) 439-7500
tweigand@morrisonmahoney.com

1345633v1

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

The undersigned counsel for the defendant hereby certifies that he has conferred with counsel in this matter, in a good faith attempt to resolve or narrow the issues of dispute raised in the accompanying motion, in accordance with Local Rule 7.1

/s/ Tory A. Weigand

_____

1345633v1